# MATTER OF H-

## In Adjustment of Status Proceedings

### Decided by the Associate Commissioner, Examinations, June 11, 1993

(1) An applicant for temporary resident status under section 245A of the Immigration and Nationality Act, 8 U.S.C. § 1255a (1988), has the burden to establish eligibility for the benefit sought by a preponderance of the evidence. 8 C.F.R. § 245a.2(d)(5) (1993). The sufficiency of all evidence produced by the applicant will be judged according to its probative value and credibility. 8 C.F.R. § 245a.2(d)(6) (1993).

(2) Prior to 1982, section 265 of the Act, 8 U.S.C. § 1305 (1976), required any alien in the United States in a lawful temporary status to notify the Attorney General in writing of his address annually and at the expiration of each 3-month period, regardless of whether the address had changed.

(3) An alien who failed to comply with the reporting requirements under section 265 was amenable to deportation proceedings, unless he was able to establish that the failure was reasonably excusable or not willful. Section 266(b) of the Act, 8 U.S.C. § 1306(b) (1976).

(4) An applicant for temporary resident status pursuant to section 245A of the Act has established a credible claim to willfully violating the reporting requirements under section 265 of the Act when he has consistently advanced this claim not only on his initial Application for Status as a Temporary Resident (Form I-687), but also in an affidavit submitted to the Immigration and Naturalization Service, and at his adjustment of status interview.

(5) A nonimmigrant student who willfully failed to comply with the reporting requirements of section 265 of the Act is deemed to have violated his status and thereby to be in an unlawful status for purposes of adjustment under section 245A of the Act.

(6) The absence of mandatory annual and quarterly registration reports from Government files in violation of section 265 of the Act does not warrant a finding that the applicant's unlawful status was "known to the Government" as of January 1, 1982.

ON BEHALF OF APPLICANT: Jenny C.Y. Ling, Esquire
Lee, Lee & Ling
8 Chatham Square, Suite 500
New York, New York 10036

This matter is an application for temporary resident status denied by the director, Eastern Regional Processing Facility, and now on appeal before the Legalization Appeals Unit. The appeal will be dismissed.

The applicant is a 52-year-old native and citizen of the People's Republic of China who made an application for temporary resident

status on May 4, 1988. The Application for Status as a Temporary Resident (Form I-687) indicates that the applicant violated his nonimmigrant status by failing to comply with section 265 of the Immigration and Nationality Act, 8 U.S.C. § 1305 (1976).

An applicant for temporary resident status must establish entry into the United States before January 1, 1982, and continuous residence in the United States in an unlawful status since such date and through the date the application is filed. In the case of an alien who entered the United States as a nonimmigrant before January 1, 1982, the applicant must establish that the period of authorized stay as a nonimmigrant expired before such date through the passage of time or that the alien's unlawful status was "known to the Government" as of such date. Section 245A(a)(2)(B) of the Act, 8 U.S.C. § 1255a(a)(2)(B) (1988).

An applicant for temporary resident status under section 245A of the Act has the burden to establish eligibility for the benefit sought by a preponderance of the evidence. 8 C.F.R. § 245a.2(d)(5) (1993). The sufficiency of all evidence produced by the applicant will be judged according to its probative value and credibility. 8 C.F.R. § 245a.2(d)(6) (1993).

Prior to 1982, section 265 of the Act required any alien in the United States in a lawful temporary status to notify the Attorney General in writing of his address annually and at the expiration of each 3-month period, regardless of whether the address had changed. An alien who failed to comply with this requirement was amenable to deportation proceedings, unless he was able to establish that the failure was reasonably excusable or not willful. Section 266(b) of the Act, 8 U.S.C. § 1306(b) (1976).

The director determined that the applicant entered the United States on July 23, 1980, as a nonimmigrant student ("F-1") with a stay authorized for the duration of his student status. The director found that the applicant had provided no evidence to establish that his authorized stay expired prior to January 1, 1982, or that he was in an unlawful status which was "known to the Government" as of that date.

On appeal, counsel asserts that the applicant violated his nonimmigrant status by failing to comply with section 265 of the Act. Counsel further claims that this violation of status was "known to the Government" as of January 1, 1982.

The record reflects that the applicant first entered the United States as a nonimmigrant student ("F-1") at Anchorage, Alaska, on July 23, 1980. He was authorized to remain for the duration of his student status. The applicant attended the University of Detroit, Detroit, Michigan, from 1980 through 1982. In the spring of 1982, he began studying at Fiorello H. LaGuardia Community College of the City University of New York, Long Island, New York.

The applicant's authorized stay, therefore, did not expire prior to January 1, 1982. As a result, in order to be eligible for the benefit sought, the applicant must establish that he was in an unlawful status before January 1, 1982, and further, that his unlawful status was "known to the Government" as of January 1, 1982.

The first issue in this matter is whether the applicant was in an unlawful status prior to January 1, 1982. The applicant filed Form I-687 on May 4, 1988. At item 29 of that form, the applicant indicated that he had violated his student status by failing to comply with section 265 of the Act. Further, the Legalization Examiner's Worksheet (Form I-696) contained in the record documents the discussion at the adjustment of status interview concerning the applicant's knowledge of the address reporting requirement and his willful failure to comply. In pertinent part, an affidavit dated October 13, 1988, and submitted by the applicant similarly states, "I was aware of the fact that I was required to file the alien registration forms with the Immigration and Naturalization Service, but willfully failed to do so."

From the time of the applicant's initial entry, notes counsel, until December 29, 1981, with enactment of the Immigration and Nationality Act Amendments of 1981, Pub. L. No. 97-116, 95 Stat. 1617, the applicant was statutorily required to file at least seven address reports with the Attorney General. Despite the fact that the applicant clearly had knowledge of the reporting requirements of section 265 of the Act, asserts counsel, he willfully and consistently failed to file. As statutorily mandated, the applicant was amenable to deportation proceedings for his failure to file. Counsel argues it would be duplicitous and unjust to determine, on one hand, that the applicant was deportable and his status unlawful for purposes of section 265 and yet, on the other hand, to determine that his status was not unlawful for purposes of section 245A of the Act.

Counsel's argument is persuasive. The applicant's claim of willfully violating the mandatory obligation to file address reports, which has been advanced since the initial application, is unreservedly credible. The applicant's Form I-687 lists the violation of section 265 of the Act as the only ground of eligibility for the benefit sought. Moreover, this claim was buttressed by an affidavit and discussed with the legalization officer at the time of the applicant's interview.

A credibility determination includes an examination of an applicant's pattern of compliance and selective noncompliance with all Service regulations prior to January 1, 1982. An applicant's credibility may be diminished when he asserts a claim of willful noncompliance with section 265 of the Act, but has complied with all other required regulations prior to January 1, 1982, and throughout his stay in the United States.

It follows that the applicant's credible claim of willfully violating section 265 of the Act constitutes a violation of his nonimmigrant status. He has, therefore, established that he was in an unlawful status for purposes of adjustment under section 245A of the Act.

The only issue remaining is whether this violation of status was "known to the Government" as of January 1, 1982. In *Matter of P-*, 19 I&N Dec. 823, 825 (Comm. 1988), the Commissioner held that an alien who claims his unlawful status was "known to the Government" as of January 1, 1982, must establish that prior to January 1, 1982, documents existed in one or more Government agencies so, when such documentation is taken as a whole, it warrants a finding that the alien's status in the United States was unlawful. In the matter at hand, counsel claims that the applicant's failure to comply with section 265 of the Act was "known to the Government." This claim is based on the absence of annual and quarterly address reports from Government files.

Counsel's position on the issue is not persuasive. It is not reasonable to impute knowledge to the Government based on the absence of a document. Such an absence would not necessarily alert the Government that the alien was in an unlawful status, as it could also imply that the alien had left the United States or inadvertently failed to file the registration reports. Therefore, the absence of mandatory annual and quarterly registration reports from Government files does not warrant a finding that the applicant's unlawful status was "known to the Government" as of January 1, 1982.

On appeal, the applicant has established by a preponderance of the evidence that he was in an unlawful status prior to January 1, 1982. He has failed, however, to establish that this unlawful status was "known to the Government" as of January 1, 1982.

An alien applying for adjustment of status has the burden of proving by a preponderance of the evidence that he has resided in the United States for the requisite periods, is admissible to the United States under the provisions of section 245A of the Act, and is otherwise eligible for adjustment of status. 8 C.F.R. § 245a.2(d)(5) (1993). The applicant has not met this burden.

**ORDER:** The appeal is dismissed.